LAUREN REGAN, *pro hac vice* to be filed
Oregon State Bar # 970878
Civil Liberties Defense Center
1711 Willamette St. Ste 301, #359
Eugene, OR 97401-4593
Tel: 541-687-9180
Email: lregan@cldc.org

MATTHEW KELLEGREW, N.D. California federal admission pending
CA SBN: 296166
1711 Willamette St. Ste 301, #359
Eugene, OR 97401-4593
Tel: 541-687-9180
Email: mkellegrew@cldc.org

Attorneys for Movant John Doe

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In the Matter of the Subpoena Number FY25-ELC-0105:*<br><br>JOHN DOE,<br><br>           Movant,<br><br>      v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>           Respondent. | Case No. 3:25-mc-80284<br><br>**NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA**<br><br>**DATE:** To Be Determined<br><br>**TIME:** To Be Determined |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that this motion will be heard as soon as this matter may be scheduled in the above-titled Court of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102.

John Doe (anonymous movant) respectfully moves this Court for an order

- 1 -

NOTICE AND MOTION TO QUASH ADMINISTRATIVE SUBPOENA

quashing the subpoena issued by the United States Department of Homeland Security (DHS), subpoena number FY25-ELC-0105.

## POINTS AND AUTHORITIES

DHS demands that Meta identify the movant, the user of Meta subsidiaries Facebook and Instagram accounts, without lawful authority and without providing Meta or movant with any evidence supporting its claim, without demonstrating that movant's identity is necessary to DHS's investigation, and without showing a basis to overcome movant's rights to anonymous speech and association.

This motion is based on Fed. R. Civ. P. 45, the points and authorities herein, the declaration of John Doe and attached Exhibit A, and any other evidence that may be entered into the record and/or presented at a hearing.

## STATEMENT OF FACTS

As set forth in the Declaration of John Doe, filed herewith, John Doe is a United States citizen residing in the State of California. Doe is associated with two social media accounts that report on events in Doe's local community, including immigration and policing operations. Doe utilizes these platforms to engage in political speech and dialogue with community members who have also chosen to speak online anonymously.

On Sept. 5, 2025, Doe received an email from Meta, the parent company of the social media platforms Facebook and Instagram, notifying Doe that Meta had received a "law enforcement" subpoena seeking information related to accounts operated by Doe, and that Meta intended to comply unless Doe provided Meta

with a motion to quash. Following a request to Meta for more information, Doe was provided with a redacted copy of the subpoena at issue. Ex. A (attached to Doe Declaration). The unredacted portions of the subpoena refer to other social media accounts in addition to others that may have been subpoenaed. The subpoena was identified as an Immigration Enforcement Subpoena issued by the Department of Homeland Security.

## ARGUMENT

Administrative subpoenas are subject to judicial review. *U.S. v. Golden Valley Elec. Ass'n*, 689 F.3d 1108 (2012). "An administrative subpoena may not be "too indefinite or broad." *Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988). "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc), overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994). Even if other criteria are satisfied, "a Fourth Amendment 'reasonableness' inquiry must also be satisfied." See *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444 n. 5 (9th Cir. 1994)." *Id* at 1113.

To the first "critical question," Congress has granted authority to utilize Immigration Enforcement Subpoenas for investigatory purposes when investigating crimes related to the purpose of their agency (*i.e*. immigration). 8 C.F.R. § 287.4. Courts have dealt previously with the use of Immigration Enforcement Subpoenas that have

exceeded the scope of the issuing agency's mandate. The source of this authority, *Peters v. U.S.,* 853 F.2d 692 (9th Cir. 1988) is instructive.

In *Peters*, the Immigration and Naturalization Service (INS), the predecessor agency to the present-day Immigration and Customs Enforcement (ICE), issued blanket John Doe subpoenas of the type ordinarily issued by the Internal Revenue Service (IRS), seeking financial and personal records of over 150 people living in a labor encampment suspected of containing undocumented workers under the auspices of a criminal investigation. The workers objected, arguing, among other grounds, that the INS lacked agency authority to investigate using an IRS subpoena power. The Court agreed, commenting: "Despite the INS's concededly broad subpoena and investigatory authority, we are reluctant to assume the existence of the power to issue third-party subpoenas directed at unidentified targets where Congress has not provided for them specifically, nor provided procedural safeguards." *Id. at* 696.

The Court ultimately held:

> The INS essentially argues that the district court was correct in recognizing that the breadth of the INS subpoena power was sufficient to infer IRS-type authority to issue John Doe subpoenas. We disagree. The IRS's authority to issue John Doe summonses is firmly rooted in the language and policies of the revenue laws. *See* 26 U.S.C. §§ 7601, 7602, 7609(f); *Biscelegia,* 420 U.S. at 144-51, 95 S. Ct. at 918-21; *see also United States v. Euge*, 444 U.S. 707, 715-16 & n. 9, 100 S. Ct. 874, 880 & n. 9, 63 L. Ed. 2d 141 (1980) (recognizing "congressional intent to uphold the claimed enforcement authority of the [IRS] if authority is necessary for the effective enforcement of the revenue laws" and noting that Congress has provided the IRS "with broad latitude to adopt enforcement techniques helpful in the performance of [its] tax collection and assessment responsibilities [as] expressed throughout the Code"). Moreover, Congress has provided unique procedural safeguards to protect the unknown parties.

By contrast, section 1225(a) clearly does not reflect the same language, authorization, safeguards, or policy underpinnings from which we can reasonably infer that Congress intended the INS to possess the authority to issue John Doe subpoenas. The district court assumed the existence of the INS's authority to issue the instant subpoena, observing that section 1225(a) "contains no express prohibition against the issuance of a 'John Doe' subpoena." It based its conclusion on an expansive reading *699 of section 1225(a) that transplanted IRS summons law onto INS subpoena law. In doing so, the court ignored that the IRS John Doe summons power is exercised pursuant to specific legislative direction in an area heavily explored by both Congress and the courts and under an enforcement system that is different from that of the INS. The Supreme Court has characterized as "treacherous business" such imputations of power from one agency to an entirely different agency. *FTC v. Bunte Bros., Inc.*, 312 U.S. 349, 353, 61 S. Ct. 580, 582, 85 L. Ed. 881 (1941). In view of the foregoing, we conclude that it was improper to expand the INS' subpoena power by analogizing from IRS summons law without a statutory basis other than INS subpoena power being broad."

*Id.* at 698.

Here, DHS has issued an Immigration Enforcement Subpoena seeking records related to a US citizen for use in a "criminal investigation." Exhibit A. As in *Peters,* where INS utilized an IRS subpoena power for its own use, here ICE is attempting to improperly commandeer the traditional criminal investigatory powers reserved for other branches of federal government. Simply put, there is no legitimate immigration enforcement purpose related to a criminal investigation of a U.S. citizen and their online speech in this instance. Use of an Immigration Enforcement Subpoena to conduct a non-immigration-related alleged criminal investigation falls outside of the Congressional mandate of the agency, and the subpoena at issue here should be quashed on this basis.

As to the reasonableness of the subpoena at issue, although "it is sufficient [for Fourth Amendment purposes] if the inquiry is within the authority of the agency, the

- 5 -

NOTICE AND MOTION TO QUASH ADMINISTRATIVE SUBPOENA

demand is not too indefinite and the information sought is reasonably relevant" (*United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950), this subpoena does not pass muster. First, as discussed directly *supra,* this inquiry is not within the authority of the agency. Second, the information sought is not reasonably relevant.

The subpoena issued by the government is unreasonable because, if upheld, it would violate the First Amendment rights of Doe and others similarly situated to engage in anonymous political speech. The U.S. Supreme Court has consistently protected the right of individuals and groups to engage in anonymous political speech. *See, e.g., Buckley v. American Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999); *McIntyre v. Ohio Elections Comm.*, 514 U.S. 334 (1995). Courts in California have also upheld this right. *See e.g., Krinsky v. Doe 6*, 159 Cal. App.4th 1154, 1164 (Cal. App. 2008); *Rancho Publications v. Superior Court*, 68 Cal. App.4th 1538, 1548 (Cal. App. 1999) (holding that the California Constitution protects the right to anonymous political speech).

In *Krinsky*, the California Court of Appeals noted the reasons why anonymous speech, especially on the internet, is important, and why people may want to engage in it:

> The use of a pseudonymous screen name offers a safe outlet for the user to experiment with novel ideas, express unorthodox political views, or criticize corporate or individual behavior without fear of intimidation or reprisal. In addition, by concealing speakers' identities, the online forum allows individuals of economic, political, or social status to be heard without suppression or other intervention by the media or more powerful figures in the field.

159 Cal. App.4th at 1162.

Providing the information requested by the government in its subpoena would compromise the exercise of Doe's fundamental rights by chilling his ability to freely associate with others as well as to engage in political speech in a public forum. Such a subpoena "is subject to the closest scrutiny." *NAACP v. Alabama*, 357 U.S. 449, 461 (1958). *See also Bates v. City of Little Rock*, 361 U.S. 516, 524 (1960). If speakers engaged in protected speech are identified, their fundamental rights may be subject to forms of private retribution following court-ordered disclosures. *NAACP*, 357 U.S. at 462-63.

This Court may order disclosure only where the government has "demonstrated so cogent an interest" in obtaining this information, "as to justify the substantial abridgment of associational freedom which such disclosures will effect [sic]. Where there is a significant encroachment upon personal liberty, the [government] may prevail only upon showing a subordinating interest which is compelling." *Bates*, 361 U.S. at 524. *See also NAACP*, 357 U.S. at 463.

Because anonymous actors engaged in protected political speech possess a First Amendment right to remain anonymous, the government must prove a compelling interest in such identification. *McIntyre*, 514 U.S. at 347. Because the government has failed to do so, an order compelling the production of identities would grossly infringe on the First Amendment rights of Doe. This inquiry is not within the authority of the agency and is not reasonably relevant to the agency's mission *EEOC*, 719 F.2d at 1428.

## CONCLUSION

Doe respectfully requests that the Court quash the administrative subpoena at

issue.

Dated: September 18, 2025.

Respectfully submitted,

*/s/ Lauren Regan*
Lauren Regan, Oregon State Bar # 970878
*Pro Hac Vice* to be filed
Civil Liberties Defense Center
1711 Willamette St., Suite 301 # 359
Eugene, OR 97401
(541) 687-9180
lregan@cldc.org

*/s/ Matthew Kellegrew*
Matthew Kellegrew, CA State Bar # 296166
*N.D. Cal. admission pending*
Civil Liberties Defense Center
mkellegrew@cldc.org